IN RE THRESHER.

(No. 1,841.)

(Submitted July 13, 1903. Decided October 26, 1903.)

*Attorney and Client—Retention of Funds—Disbarment.*

1.   An attorney for an administratrix had no right to retain from funds collected for her an amount claimed by him to be due to him from her decedent.
2.   The retention of funds for such purpose does not merit so severe a penalty as that of disbarment, in the first instance.

APPLICATION for the disbarment of B. S. Thresher. Dismissed.

*Mr. Thomas A. Morrin,* for Complainant.

An individual debt of administrator cannot be set off against a debt due the estate. (Vol. 11, 2d Ed. Am & Eng. Ency. Law, 931.) If the accused was owing a debt to the estate he could not set it off against a personal claim against Mrs. Van Duesen. If deceased owed him, he could not take money collected and pay himself.

It was the duty of the administratrix to proceed with collection of assets, notifying creditors, etc., and distribution of estate. The accused was employed to assist in this work, but neglected to proceed with the administration and attempted to hold on, on some pretext or other, to all the money passing through his hands. For this he should be disbarred. (*In re Burris,* 36 Pac. 101; *In re Treadwell,* 7 Pac. 724.)

Deceit is ground for disbarment.  (Sec. 402, Code of Civil Procedure.)  Deceit is defined in Section 2292 of the Civil Code of Montana.

*Mr. B. S. Thresher, in propria persona.*

MR. JUSTICE MILBURN delivered the opinion of the court.

On the 9th day of July, 1902, there was presented in this court an accusation in writing, verified by the oaths of one James Sullivan and one Jane L. Van Duesen, respectively, charging B. S. Thresher, an attorney and counselor at law of the courts of Montana, with certain acts involving deceit, fraud and moral turpitude, in violation of his duties as such attorney and counselor at law.  The complaint containing the accusations was made by James Sullivan, and contains six counts. The accused duly appeared, and made certain objections in writing to all of the counts excepting the sixth, declaring as to each of the five counts that "it did not state facts sufficient to show deceit, fraud or malpractice on the part of the accused." As to the fourth count, the accused further objected on the ground that it did not state facts sufficient to show that he had ever been convicted of any offense in any court.  The court, upon consideration, overruled the accused's objections to the first and fifth counts, and sustained those made by him to the second, third and fourth counts.  The writer hereof, for reasons contained in his concurring opinion in *In re Weed,* 26 Mont. at page 516, 68 Pac. 1115, dissented from the order overruling the objections to the fifth count.  It is unnecessary in this opinion to state the matters referred to in the counts which were stricken out.  Thresher appeared before the referee, to whom this court referred the matter for the purpose of taking testimony, and testified in his own behalf, denying each of the charges made.

The first count charges the accused with unlawfully withholding from said Sullivan the sum of $48.50, money alleged to have been collected for him by Thresher as his attorney.

The fifth count charges that the accused unlawfully withheld and appropriated to his own use the sum of $115.80, received by him from Mrs. Van Duesen, this sum having been turned over to him by her with instructions to forward it to the Masonic Relief Board of Los Angeles, Cal., to pay for the transportation of the body of her deceased husband, and to release and obtain possession of certain pieces of jewelry said to be held by that board pending the repayment to it of money advanced for such transportation and other expenses incident to the illness and death of her husband.

The sixth count charges him with unlawfully appropriating to his own use the sum of $75, collected by him from one J. F. Konen upon the compromise of a judgment debt of $500 against said Konen, the accuser alleging that said Thresher, without any authority so to do, agreed to receive $200 from Konen in full of said judgment; and, further, that Thresher continued for a long time to misrepresent the facts in the case to Mrs. Van Duesen, in that he stated that an execution had been issued under said judgment, and that the property of the judgment debtor had been sold under execution, and bought in for the estate of her deceased husband, when in fact no execution had ever been issued.

As to the first charge it is sufficient to say that it does not appear to us that the accused is guilty as charged. It is apparent from the evidence that the accuser is not a credible witness. We therefore find the said Thresher, as to this count, not guilty.

As to the second of the remaining counts, to-wit, the one numbered 5, we find from an examination of the evidence that the said Thresher was acting in a dual capacity. His first connection with the matter of the expenses incident to the illness and death of said Van Duesen arose from his being a member of the fraternal order to which the Masonic relief board is an adjunct. There were numerous communications in writing between the said board and Thresher; and, after the sum of $115.80 was turned over to him by Mrs. Van Duesen to be for-

warded to Los Angeles, there were several interviews between her and him, in one of which she demanded the return of said sum to her, she saying that she wished to use it for an entirely different purpose. It appears that the members of the society of which the deceased had been a member had expended a sum of money largely in excess of the $115.80 for care of the deceased during his illness and in making arrangements for the transportation of the body to his late home. It seems reasonable to believe that Thresher retained the money in his possession, for at least part of the time, because there was delay in the delivery of certain articles of value belonging to deceased and in possession of the relief board in California. Negotiations between the board and the accused not having resulted in the delivery of the property to him, or in the payment of the money to it, Daniel Yancey, Esq., an attorney at law in Butte, Mont., was employed by the board to procure the payment of said $115.80, and to deliver the articles of property to the proper person. Upon identification of the articles within a reasonable time, and upon demand made upon the accused, the money was paid by Thresher to Yancey. Some questions of veracity arose between the parties in California, Mr. Thresher and Mrs. Van Duesen. After full consideration of the evidence in the case, we cannot say with any reasonable degree of certainty that the accused was at any time guilty of having unlawfully converted to his own use the said sum of $115.80, or any part thereof. The evidence is not sufficient to show any moral turpitude on the part of Mr. Thresher in the premises.

The accused was the attorney of Mrs. Van Duesen in the matter of the settlement of the estate of her deceased husband, she being the administratrix. The aforesaid Konen, according to the testimony, appears to have owed the estate between five and six hundred dollars. The administratrix, according to her testimony, authorized her attorney to settle with the debtor for $500, if he could do so, but, if not, to cause execution to issue, and the property to be sold. On the property in question appears to have been a mortgage lien of $450, the premises being

worth, according to the testimony of the debtor, the sum of
$900.   Thresher had been legal counsel for the deceased in his
lifetime, and, as he says, had a claim against the estate for ser-
vices rendered.   Mrs. Van Duesen testified that Thresher prom-
ised to perform the necessary legal services for her for a fee not
to exceed $35 or $40.   The daughter of Mrs. Van Duesen testi-
fied that she heard Thresher say that he did not suppose Konen
would pay, and the only thing to do was to sell the property at
sheriff's sale; that her mother asked him if Konen had paid
anything, to which he replied "No"; that this was some time
in September or October, 1901; that he said the only thing to
do was to sell the place; and her mother replied that she did not
like to take a man's home away from him, but she needed the
money, and that she told him to pursue whatever course he
thought best.   Konen testified that he paid $75 to Thresher on
or about the 13th day of June, 1901, but that it was paid at
different times.   It appears also that there was an agreement
between Thresher and Konen to compromise the judgment debt
for $200, but the property should not be released from the judg-
ment unless the said sum of $200 should be paid in full.   It
appears, as above stated, that only $75 was paid.   Thresher did
not pay any part of the $75 to the administratrix, claiming that
he had earned that sum, or more, as counsel for the deceased
and for the administratrix.   Of course, it would be irregular
for any attorney to withhold from the administratrix money
collected by him for the estate on the plea that the deceased, in
his lifetime, had become indebted to him.   His only course in
such a case would be to pay the money over to the administra-
trix, and to put in his claim against the estate in the manner
and form provided by law for the filing of claims against an
estate.

   The accused testified that Mrs. Van Duesen said that she
thought she ought to be able to realize $500 on the judgment
debt; that he stated that that was impossible, that the property
was not worth it; that it might be possible to sell the property
under the hammer for $750 or $800, and that it might not sell

for more than the mortgage and other claims; and that she told him to do whatever he thought best, and to realize what he could out of it, but that she thought they ought to pay the entire judgment; that he said it was simply a question as to what could be realized; that soon after judgment the debtor came into his office, and wanted to know what he could do about the judgment, saying that he never could pay it; that, if the creditor should "take his home," nothing would be realized on it. After considerable discussion an understanding was reached that he was to pay $200 at the rate of $25 per month, and, in case he did not make all of the payments as agreed, anything that he did pay should simply apply on the judgment. The accused admits having received $75, and thinks that the last payment was made some time in September, and testifies that he reported the full facts to the administratrix as to what the agreement was, and that she said that that was as good as could be done in the matter.

While we cannot approve of an attorney collecting his own claims against an estate by withholding money collected by him for the estate without having first filed his claim in accordance with the law, and having had the same approved and allowed as the law provides, and without having received permission from the administratrix pursuant to an order of the court to retain the money, still we do not believe such conduct calls, in the first instance, for so severe a penalty as disbarment. Considering all the conflicting testimony and the fact that the testimony of the administratrix seems in a measure to corroborate the statement of Mr. Thresher that he should do as he thought best in the matter of bringing about a compromise with the judgment debtor, we cannot say that his conduct in thus negotiating with Mr. Konen with a view to a settlement was reprehensible.

It does not appear, in respect of any of the three charges considered that the accused is guilty as charged in any one of them, and therefore these proceedings are ordered dismissed.

*Dismissed.*