## Bonner v. Goodloe.

(Decided November 14 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Attorney and Client—To Warrant Disbarment, Attorney's Retention of Client's Money Must be Wrongful—Disbarment Held Unwarranted.—Under Kentucky Statutes, section 104, attorney's refusal to pay over money collected for client to be grounds for disbarment must be wrongful, and not in good faith, and attorney

who, under sections 331i-1-331k-5, had collected money from parent for support of children, and in good faith retained portion of it as fee, was not liable to disbarment, though such moneys were not chargeable with his fee.

2.    Attorney and Client—Money Collected of Parent for Support of Indigent Children is Not Chargeable with Attorney's Fee.— Moneys collected, under Kentucky Statutes, sections 331i-1-331k-5, of a guilty parent for support of children constitute trust fund, which neither parent having custody of children nor supervisor of parents may burden with an attorney's fee expended in enforcing payment.

DAVID J. BONNER for appellant.

BERNARD B. BAILEY for appellee.

Opinion of the Court by Judge Thomas—Affirming in part and reversing in part.

This proceeding is bottomed on a rule issued by the judge of the Jefferson circuit court, common pleas division number one, against the appellant, David J. Bonner, a regular practicing attorney at the Louisville bar, to require him to pay over to his client the appellee, Nellie Goodloe, the sum of $12.00, which he, according to her affidavit, filed as a basis for the rule, had collected and on demand had refused to pay to her; and further requiring him to show cause why he should not be disbarred from the practice of his profession for a period of twelve months and until he made payment of the amount wrongfully retained. The action was taken under the provisions of section 104 of our present statutes saying in part: "If any attorney-at-law shall collect the money of his client, and, on demand, wrongfully neglect or refuse to pay over the same, the circuit court of the county in which the money may be collected, shall, after notifying the attorney to show cause against the same, suspend him from practice in any court for twelve months, and until the money shall be paid." Upon the hearing the court found that appellant had no legal right to retain the $12.00 and ordered him to refund it to appellee, and also suspended him for a period of twelve months and until the money was refunded from the practice of law in any court in this Commonwealth, and to reverse that judgment this appeal is prosecuted.

The facts developed upon the hearing were, in substance, these: Appellee is the wife of William Goodloe and they were the parents of one or two infant children

under sixteen years of age, the elder one not exceeding two years of age. The entire family were in destitute and indigent circumstances, and the wife claimed that her husband had deserted the children without making provisions or furnishing means for their support, and she desired proceedings instituted against him under article 10 of chapter 18 of our present statutes, being sections 331i-1 to 331k-5, both inclusive, and employed appellant for that purpose. He caused an indictment to be returned under the first section above referred to, and under a subsequent arrangement with the supervisor of parents, provided for by section 331k-1, the husband agreed to pay $4.00 per week for the maintenance of his two infant children, and the criminal charge against him seems to have been suspended. Either at the instance of appellee, or of the supervisor of parents, appellant collected the agreed weekly installments from the husband in a sum aggregating $36.00 and paid all of it to appellee except $12.00, which he retained as a reasonable fee for his services, there having been no sum agreed upon; and when that sum was demanded of him he declined to pay it on the ground that he in good faith believed he had the right to retain it as compensation. The question, therefore, is whether appellant, under the facts, was guilty of such *wrongful* refusal to pay the sum demanded of him as to authorize his suspension from the practice as contemplated by section 104, *supra*, of the statutes.

Section 331k-2 makes provision for the collection of the weekly or monthly installments from the guilty parent by the supervisor of parents, and that such collections so made by him "shall be distributed to the person or persons having the said indigent children in charge to be used for their maintenance." Some, if not all, of the collections from the husband made by appellant were done at the instance of the supervisor of parents and were paid by him to appellee, the mother of the indigent children.

One of the first questions to be determined is whether the mother, who employed appellant, was his *client* within the contemplation of section 104 under which the proceeding by rule against him was instituted; and if that question should be answered in the affirmative, then whether the money that appellant collected was the property of his client within the contemplation of that section. Since, however, the statute seems to make the

mother, who has the indigent children in charge, a sort of trustee for them and empowers her to use it for their maintenance, it may be said that she had a qualified interest in the fund to be collected, and in employing an attorney to aid and assist in the collection she thereby created the relation of attorney and client. But, however that may be, we have concluded for the reasons hereinafter stated that under the facts the court was in error in suspending appellant from the practice for failing to pay to the appellee the $12.00 retained by him before he had been ordered to do so by the court and refused.

An attorney was, under the common law, subject to suspension or disbarment for the wrongful retention of money collected for his client, and our statute, *supra* (section 104), seems not to have changed that rule but only fixed a definite suspension, *i. e.*, one year and until payment was made, but under that rule nonpayment alone is not sufficient cause for either suspension or permanent disbarment, since the general rule is as stated in 6 C. J. 592, "Mere nonpayment of money, not accompanied with any fraud or dishonesty, is not sufficient ground for disbarment." And it must be remembered that our statute as well as the common law rule requires that the attorney shall "wrongfully neglect or refuse to pay over the same," which implies the element of intentional misconduct, and necessarily excludes a refusal based upon a good faith belief of the attorney's right to retain the sum demanded; and that interpretation has been recognized and applied by this court in the two cases of Hendrick v. Posey, 20 Ky. L. R. 359, and Commonwealth v. McKay, 14 Ky. L. R. 407, and perhaps others. The text in 2 R. C. L. 1096, speaking directly upon the character of retention of money collected by an attorney that will authorize his suspension or disbarment, says:

"It has been held, however, that to constitute a wrongful retention of money sufficient to warrant disbarment, some element of fraud or dishonesty must appear. In other words, mere nonpayment of money by an attorney is insufficient as a ground for disbarment, in the absence of fraud or dishonesty in the retention of the money."

And all courts hold that not only may an attorney retain money collected for his client in payment of an

antecedent debt due him by the client, but he may also retain a reasonably sufficient sum to pay him for his services in the absence of a stipulated amount, although the sum so retained might be subsequently found as excessive; provided, of course, that the sum so retained by the attorney is not so unreasonably excessive as to indicate bad faith or dishonesty on his part in claiming and retaining it. In other words, where the evidence shows that the attorney's refusal to pay was not prompted by bad faith, but based upon the *bona fide* belief that he had the right to retain the money demanded of him, it was not that character of *wrongful* detention as contemplated by the common law or by our statute. Cases and authorities *supra,* and People, etc. v. Robinson, 32 Colo. 241; In Re Thresher, 29 Mont. 11, and annotations to the case of Commonwealth v. Roe, on page 417, 19 L. R. A. (N. S.), page 417.

In the Hendrick case, *supra,* from this court, money was collected by the attorney under his mistaken belief that he had the authority to do so, although it was held in the opinion that he possessed no such authority, and it was also held that even if he did have such authority he had no lien upon the funds and was not justified in retaining any part of it as his fee. The question as to the attorney's rights in the premises had not theretofore been determined, and it appeared that he acted in good faith believing that he was authorized to collect the money and that he also had the right to withhold a part of it in payment of his fee. In passing upon the question, the opinion said:

"The precise question involved in the contention of appellant had never, previously to that time, been determined by a judgment of this court, and we can readily understand how appellant, especially when so advised by distinguished counsel, believed that he had the right to collect and retain the fund in question. Certainly there is nothing in the record which in anywise impeaches his good faith in the course pursued by him as to this fund, or, in our opinion, to justify the order of suspension after the execution of the supersedeas bond.

"The profession of an attorney is what he relies upon for his support in life, and any act on the part of a court which tends to bring him into disrepute

in his professional capacity may affect not only his business as a lawyer, but also his character and standing in every relation of life, and this right should never be interfered with unless the facts of the case make it unavoidable. In our opinion the order in this case was not authorized by law.

"For reasons indicated herein so much of the judgment appealed from as suspended appellant from practicing law in the Franklin circuit court is reversed but the judgments for the money in his hands is affirmed, and the cause is remanded for pleadings consistent herewith."

The fund arising from the collections in this case, as we have hereinbefore seen, is to be used for the maintenance of the indigent children; but whether the statute in so providing intended to so appropriate the *gross* fund collected or only the *net* fund after the payment of cost and expenses of collection is a question about which there might be a *bona fide* dispute and one which this court has not heretofore determined, and it is, therefore, a stronger case in exculpation of the attorney than the Hendrick case, *supra*. It is our conclusion, and we so hold, that the entire amount collected from the guilty parent constitutes a trust fund for the maintenance of the indigent children and that neither the parent having custody of them (which in this case was the appellee) nor the supervisor of parents is authorized to burden that fund with an attorney's fee, and that the court properly ordered and directed appellant to refund the $12.00 to appellee, and of course if he should refuse after the time fixed for the payment, or in the absence thereof after a reasonable time, to comply with that order, he will then clearly be within the provisions of section 104 and may be suspended as therein directed. However, since his conduct before that order, as made by the court, appears to have been prompted by the *bona fide* belief that he had a lien upon the collections made by him and had the right to retain the sum demanded of him as a fee, and which belief on his part was not wholly unfounded, we think it would be a drastic application of the statute to suspend him from the practice because of his mere refusal, in the absence of an order determining his rights and directing a refund by him.

The learned judge who presided at the trial, as well as other courts in the Commonwealth, should be commended in their efforts to purify the bar, and to weed from membership in the profession all disreputable and unworthy persons, and to see that none but the upright and honorable shall enjoy the privilege of the license of an attorney; but at the same time, as said in the Hendrick opinion, "The profession of an attorney is what he relies upon for his support in life, and any act on the part of a court which tends to bring him in disrepute in his professional capacity may affect not only his business as a lawyer but also his character and standing in every relation of life, and this right should never be interfered with unless the facts of the case make it unavoidable."

Entertaining the views hereinbefore expressed, we are constrained to the conclusion that under the facts exhibited by the record the judgment of suspension of appellant from practicing his profession was unauthorized and that part of the judgment is reversed; but the court correctly ordered him to refund to appellee the $12.00, and to that extent the judgment is affirmed.

Whole court sitting.